# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMONT WALLACE, | CASE NO. 1:06-cv-01394-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. MENDOZA-POWERS, | (Doc. 1) |
| Defendant. | |

I. Screening Order

    A.    Screening Requirement

Plaintiff Wilmon Wallace ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 10, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18 266, 268 (9th Cir. 1982)).

19     B.    Plaintiff's Claim

20 Plaintiff is an inmate currently housed at the California State Prison-Solano in Vacaville.
21 The event giving rise to the claim at issue in this action occurred at Avenal State Prison. The only
22 defendant named in this action is Warden K. Mendoza-Powers. Plaintiff is seeking money damages.
23 Plaintiff directs the court's attention to his attached exhibits for his statement of claim, but
24 does not identify his legal claim(s). A review of the exhibits reveals that plaintiff was found guilty
25 of refusing to work and assessed a credit forfeiture of thirty days. Plaintiff disputed the guilty
26 finding via the inmate appeals process but his appeal was denied.
27 The court presumes that plaintiff is proceeding on a claim that he was deprived of his
28 protected liberty interest in his time credits without due process of law. Where, as here, "success

1  in a . . . [section] 1983 damages action would implicitly question the validity of conviction or
2  duration of sentence, the litigant must first achieve favorable termination of his available state, or
3  federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v.
4  Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477
5  (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary
6  hearing where good-time credits were affected). Because the punishment imposed at the disciplinary
7  hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such
8  time as plaintiff invalidates the result of the disciplinary hearing, either through the inmate appeals
9  process or via petition for writ of habeas corpus.

10  Based on the foregoing, plaintiff fails to state a claim upon which relief may be granted under
11  section 1983, and it is HEREBY RECOMMENDED that this action be dismissed, without prejudice.

12  These Findings and Recommendations will be submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
14  **days** after being served with these Findings and Recommendations, plaintiff may file written
15  objections with the court. The document should be captioned "Objections to Magistrate Judge's
16  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
17  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
18  1153 (9th Cir. 1991).

20  IT IS SO ORDERED.

21  **Dated:   March 27, 2007**           /s/ Sandra M. Snyder
    icido3                                 UNITED STATES MAGISTRATE JUDGE