# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMONT WALLACE,<br><br>        Plaintiff,<br><br>    v.<br><br>K. MENDOZA-POWERS,<br><br>        Defendant.<br>_____/ | CASE NO. 1:06-cv-01394-OWW-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 16)<br><br>ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

    Plaintiff Wilmont Wallace ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On March 28, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on April 26, 2007.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

    Plaintiff appears not to understand the basis for the dismissal of this action. Plaintiff was found guilty in a prison disciplinary proceeding of refusing to work, and assessed a credit forfeiture

of thirty days. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Because plaintiff lost time credits, which affects the length of his sentence, he may *not* proceed under section 1983 *unless and until* he invalidates that result of the disciplinary hearing, either through the inmate appeals process or via petition for writ of habeas corpus. Id. This deficiency is not curable by naming different defendants in an amended complaint, and plaintiff makes no argument that the result of the disciplinary hearing has been invalidated. (Obj., 3:7-8.) Dismissal of this action is required.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 28, 2007, is adopted in full;

2. This action is dismissed for failure to state a claim upon which relief may be granted under section 1983, without prejudice to refiling upon invalidation of result of plaintiff's disciplinary hearing; and

3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:  May 8, 2007**            /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE